EARL PASETTI *vs.* CONSTANTINE BRUSA
*d.b.a.* FRAQUELLI & BRUSA GRANITE CO.

AUGUST 11, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This cause is before the court on the petitioner employee's appeal from a decree entered by the superior court denying and dismissing his original petition for compensation and medical expenses under general laws 1938, chapter 300.

The petitioner is a carpenter and while working with his father on December 14, 1950 in repairing a shed on the premises of the respondent he fell through the roof and was injured.   The father testified that he had been called to respondent's place of business two days before the accident to discuss the repair of the building in question; that he gave to respondent an estimate of the cost of needed repairs as follows:  Two men, one and one-half days, $48; tar paper and fillings, $35; staging, $10; making a total of $93; and

that the two men referred to were himself and his son, the petitioner.

He also testified that, except for a short period not pertinent here, he and petitioner always worked together; that "we get between us what work we do. We get it," and divide the profits although "I generally get a little more than he gets." He admitted that they also had letterheads and billheads printed with the name "Joseph Pasetti & Son"; that this referred to the father and petitioner; that respondent "knows we worked together and all the people in the town knows that me and my son do work together"; that he, the father, made the arrangement with respondent after examining the roof; that "he [respondent] asked me what I charged and I told him"; and that he gave respondent the above-mentioned items and estimates for materials, use of staging, and the work under consideration.

The petitioner testified that he at no time engaged himself to work for respondent; that he made no contract with him as to the terms of employment, the arrangements for the work having been made entirely by his father; and that he did not know what specific agreement his father had made for this work. He admitted that respondent had no conversation with him concerning the pay he was to receive; and he did not deny that respondent had not received from petitioner his social security number or put his name on respondent's pay roll. By other testimony, however, he attempted to indicate that respondent was present when petitioner and his father went on the job and that respondent supervised and had control thereof by pointing out the area to be fixed. At any rate, the father and petitioner appeared on the job with their own tools and equipment, purchased the materials, and did the work without any actual interference or control by respondent as to the methods or details of its performance. The petitioner's father admitted that respondent merely told what was wanted and asked that he do a good job, thus differing from petitioner's testimony in that respect.

The trial justice found that petitioner had not sustained the burden of proving that he was an employee of respondent in accordance with the definition of employee in the act. Accordingly he entered a decree from which petitioner has prosecuted the instant appeal. Although petitioner sets out four reasons of appeal, he relies solely on the fourth, thereby challenging the third finding of the decree which reads: "That at the time he sustained the injuries relied upon in his proof the petitioner was an employee of his father, Joseph J. Pasetti, and was not an employee of Constantine Brusa, the respondent."

In the circumstances the sole issue here is whether there was any legal evidence to support the finding of fact that petitioner was not an employee of the respondent at the time of injury. The burden of proving the essential elements of his case was upon the petitioner. *Central Engineering & Construction Co.* v. *Rassano,* 75 R. I. 108; *Colaluca* v. *George A. Fuller Co.,* 74 R. I. 62; *Parmentier* v. *Moore Fabric Co.,* 71 R. I. 369. It was not the duty of respondent to disprove such relationship or to establish the precise relationship between petitioner and his father. See *Rosewater* v. *Jean's Inc.,* 72 R. I. 489, 496; *Esposito* v. *Walsh-Kaiser Co.,* 74 R. I. 31, 33.

The petitioner contends correctly that the test whether a person is an independent contractor is based on the employer's right or power to exercise control over the method and means of performing the work and not merely the exercise of actual control. *Henry* v. *Mondillo,* 49 R. I. 261. But in seeking to apply that rule here he assumes erroneously that the question is one of law as to the legal effect of *undisputed* evidence as to petitioner's employment. On the testimony of petitioner, although somewhat vague, there was an attempt to have inferences drawn to the effect that respondent retained the right or power to exercise control over the method and means of performing the work. However, this was contrary to respondent's evidence and inferentially to certain testimony of the father. In such circum-

92

stances the evidence and inferences were conflicting and in the absence of fraud, which is not claimed, the finding of fact that petitioner was not an employee of respondent, being supported by legal evidence, is conclusive under the act.

Even if the evidence can be considered as undisputed so as to bring the case within *Henry* v. *Mondillo, supra,* and *Corry* v. *Commissioned Officers' Mess (Open),* 78 R. I. 264, rather than under *DiFiore* v. *United States Rubber Co.,* 78 R. I. 124, in our opinion the legal effect of the evidence and inferences is clearly that petitioner was not an employee of the respondent; that the father was an independent contractor; and that he, petitioner, was either an employee of his father or in partnership with him as an independent contractor. Whether he was such an employee or partner is unimportant since in either event he had not sustained the burden of showing that he was an employee of respondent under the act.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Louis B. Cappuccio, Frank S. Cappuccio,* for petitioner.

*Boss & Conlan, Francis W. Conlan,* for respondent.