**Carmel ABSI, D.D.S. et al.**

v.

**THE STATE OF RHODE ISLAND DEPARTMENT OF ADMINISTRATION et al.**

**No. 2000–298–APPEAL.**

Supreme Court of Rhode Island.

Dec. 3, 2001.

Robert P. Brooks, Providence, for Plaintiff.

Thomas A. Palombo, Providence, John Breguet, Esmond, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

The plaintiffs in this case were dentists and dental hygienists who provided dental services to inmates at the Adult Correctional Institutions (ACI).[1] They appeal from the Superior Court's grant of sum-

---

1. The plaintiffs are Carmel Absi, D.D.S., Carol McCloskey, D.M.D., Richard W. Frank, D.M.D., Joe L. Moreno, R.D.H. and Timothy M. Servant, R.D.H.

mary judgment for the defendant state government department and officials (state) in this declaratory judgment action. They assert that the motion justice erred in finding that the plaintiffs were not state employees within the State Merit System Act, codified at G.L.1956 chapters 3 and 4 of title 36. After a prebriefing conference, a single justice of this Court directed the parties to show cause why this appeal should not be summarily decided. Because they have not shown cause, we proceed to decide the appeal at this time.

The plaintiffs signed a series of one-year contracts with the Department of Corrections (DOC). All, except for Dr. Frank, had been hired under a one-year contract with the DOC when the Superior Court granted summary judgment for the state.

When reviewing a motion for summary judgment, this Court "examine[s] the pleadings and affidavits in the light most favorable to the nonmoving party to decide whether an issue of material fact exist[s] and whether the moving party [is] entitled to summary judgment as a matter of law." *Buonanno v. Colmar Belting Co.*, 733 A.2d 712, 715 (R.I.1999) (quoting *Textron, Inc. v. Aetna Casualty and Surety Co.*, 638 A.2d 537, 539 (R.I.1994)). "Summary judgment is proper when there is no ambiguity as a matter of law. * * * It is the burden of the party opposing a motion for summary judgment to assert facts that 'raise a genuine issue to be resolved.'" *Id.* Here, the parties' cross motions for summary judgment showed that no material facts were in dispute. Thus, the issue for decision, then as now, was whether plaintiffs were within the merit system or whether, pursuant to G.L.1956 § 37–2–72, they were "contract employees."

■ Under § 36–4–2, "[t]he classified service shall comprise all positions in the state service now existing or hereinafter established"—except positions specifically exempted by the Legislature which shall constitute the "unclassified service." Theoretically, the plaintiffs could have been considered unclassified employees pursuant to § 36–4–2(14), which provides that "[p]atient or inmate help in state charitable, penal, and correctional institutions" shall be unclassified. Under § 37–2–72, however, the state may also "procure" medical or dental services from sources outside the state service. This statute enables the state to hire individuals or entities who are not within the state service for "[m]edical and dental consultant services." The statute distinguishes between those employees hired as medical or dental consultants and those personnel in the "state service." It does so by providing that the consultants may be procured as long as "no medical or dental personnel employed by the state on a full-time basis is available to perform the services." Section 37–2–72(a)(2).

■ In some circumstances contracts entered into between the state and dental consultants under § 37–2–72 might constitute the latter as independent contractors. If so, the state would not have to provide "benefits" because the consultant would not be an employee of the state. "[T]he test [as to] whether a person is an independent contractor is based on the employer's right or power to exercise control over the method and means of performing the work and not merely the exercise of actual control." *Pasetti v. Brusa*, 81 R.I. 88, 91, 98 A.2d 833, 834 (1953). In this case, it does not appear from the record that the state exercised control over the "method[s]" of dental treatment. There is some indication that a chief of dentistry generally supervised the plaintiffs, but nothing in the record suggests that the state instructed the plaintiffs on what types of dental treatment were necessary for the inmates or controlled the methods they used in

performing their professional work. Thus, under the *Brusa* test, the plaintiffs qualified as independent contractors, regardless of whether the plaintiffs were termed "special contract employees" or "contract employees."

■■■ Here, the statutory conditions necessary for hiring dental consultants to perform dental services under § 37–2–72 have been met. The state has demonstrated a need for their services and the absence of any state personnel to perform the required work. The plaintiffs, however, contend that § 37–2–7(20) prevented the state from procuring any persons under § 37–2–72 through labor contracts. Section 37–2–7(20) defines "services" as "the rendering, by a contractor, of its time and effort rather than the furnishing of a specific end product, other than reports which are merely incidental to the required performance of services. 'Services' does not include labor contracts with employees of state agencies." This limitation prohibiting labor contracts with employees of state agencies appears to refer to persons already employed by the state in either the classified or unclassified service. Its purpose is to prevent the state from circumventing collective-bargaining agreements or other state rules by hiring these state workers under separate consultant contracts. Thus, this limitation in § 37–2–7(20) did not prevent the state from hiring plaintiffs as dental consultants under § 37–2–72.

The specific terms of the contracts also indicated that plaintiffs were not part of the state classified or unclassified service. The contracts were entitled "Agreement for Services of Contract Employee." They specified a myriad of employment conditions, but permitted either party to terminate the contract upon five days notice to do so, and did not provide for any vacation, retirement, or health-care benefits. Although the state withheld taxes from its payments to the plaintiffs—apparently in response to an Internal Revenue Service audit conducted in the late 1980s and early 1990s—the relationship between the plaintiffs and the state accorded the plaintiffs individual discretion in how to perform dental services for the inmates. The independent discretion of the plaintiffs as dental professionals in prescribing services for inmates and the state's authority to procure the plaintiffs' services through § 37–2–72 demonstrated that their status was that of independent contractors. Such a status, we hold, placed the plaintiffs outside both the classified and unclassified state service.

For the above reasons, we deny the plaintiffs' appeal and affirm the summary judgment.